UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

Plaintiff,

v.

R. THOMAS,

Defendant.

No. 2:19-cv-1537 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He claims defendant violated his right to access the court under the First Amendment. Plaintiff has consented to magistrate judge jurisdiction. (ECF Nos. 4, 5.) Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 6.) For the reasons set forth below, the court finds plaintiff fails to meet the standards to proceed in forma pauperis and should be required to pay the filing fee if he wishes to proceed with this action.

**I.    In Forma Pauperis Statute**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

////

1

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**II.  Has Plaintiff Accrued Three Strikes?**

Prior to the date plaintiff initiated this action on August 9, 2019, the following cases filed by plaintiff were dismissed for the reasons set forth below[1]:

1. Bontemps v. Lee ("Lee"), 2:12-cv-0771 KJN (E.D. Cal.): dismissed without leave to amend on January 31, 2013, for failure to state a claim (ECF No. 20);

2. Bontemps v. Kramer ("Kramer"), 2:06-cv-2483 RRB GGH (E.D. Cal.): dismissed without prejudice on December 22, 2008, for failure to file an amended pleading after dismissal upon screening (ECF Nos. 9, 12, 14);

3. Bontemps v. Gray ("Gray"), 2:07-cv-0710 MCD CMK (E.D. Cal.): dismissed without prejudice on July 5, 2007, for failure to file an amended complaint upon screening (ECF Nos. 3, 6, 7).

Of these four cases, only one clearly counts as a strike (Lee, 2:12-cv-0771 KJN). Of the remaining cases, both dismissals were for failure to file an amended complaint and failure to

---

[1] The court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201.

2

comply with a court order. In each of these cases, the underlying dismissal of the complaint was for failure to state a claim.

The Ninth Circuit has not addressed in a published opinion whether dismissals of this sort count as a strike under § 1915(g)[2], and district courts faced with this question have reached different results. See Bontemps v. Callison, 2:13-cv-1360 KJM AC, 2014 WL 996964, at *1 (E.D. Cal. Mar. 12, 2014) (declining to find that dismissals for failure to file an amended complaint and failure to prosecute were strikes because the underlying complaints had been dismissed for failure to state a claim with leave to amend); Keeton v. Cox, 2:06-cv-1094 GEB CKD, 2009 WL 650413, at *6 (E.D. Cal. Mar. 12, 2009), recommendation adopted by 2010 WL 1173073 (E.D. Cal. Mar. 23, 2010) (stating that a dismissal for failure to amend a complaint dismissed with leave to amend is not a strike because the underlying order recognized pleading defects could be remedied); Hudson v. Bigney, 2:11-cv-3052 LKK AC, 2013 WL 6150789 (E.D. Cal. Nov. 22, 2013) ("A dismissal for failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after the original complaint is dismissed for failure to state a claim."), adopted in full by 2014 WL 309484 (E.D. Cal. Jan. 28, 2014)).

The Ninth Circuit holding in Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013), is clarifying on the question of whether a dismissal for failure to amend and failure to prosecute counts as a strike under § 1915(g). At issue in Knapp was whether the dismissal of an action for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement constituted a strike. The Ninth Circuit held that it did. By expanding the scope of § 1915(g)'s "failure to state a claim" beyond Federal Rule of Civil Procedure 12(b)(6), the court held that "after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, 'the judge [is] left with [] a complaint

////

---

[2] In an unpublished opinion, Baskett v. Quinn, 225 Fed. App'x. 639 (9th Cir. 2007), the Ninth Circuit upheld a district court order finding that a prior dismissal for failure to file an amended complaint constituted a strike.

3

that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." 738 F.3d at 1110 (internal citations omitted).

In both of the cases at issue here, the respective courts found on screening that plaintiff failed to state a claim. Though the court agrees with <u>Bontemps v. Callison</u> and <u>Keeton v. Cox</u> that, by granting leave to amend, the courts found that the defects identified on screening may have been remediable, the plaintiff's subsequent failure to take advantage of the leave to amend gave "rise to an inference that [he] could not state a claim." See <u>Knapp</u>, 783 F.3d at 1110. The court therefore reaches concludes that the dismissals in <u>Kramer</u> and <u>Gray</u> for failure to file an amended complaint count as strikes. Because <u>Lee</u> also counts as a strike, the court finds that plaintiff incurred three strikes before filing this action.

### III.  Does Plaintiff Qualify for the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Andrews</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's compliant filed August 9, 2019. The paragraph describing plaintiff's claim is not completely legible. (ECF No. 1 at 3.) It appears that plaintiff's claim is based on his allegations that the defendant deprived him of his property, including his

ADA (Americans with Disabilities) devices. Plaintiff has not indicated that he is still without his ADA devices. Additionally, in a prison grievance filed as an attachment to the complaint, plaintiff indicates that defendant gave him his ADA devices. (Id. at 8.) A short-term deprivation of his ADA devices is insufficient to meet the imminent danger exception to § 1915(g). Accordingly, the court finds that plaintiff does not meet the imminent danger exception under §1915(g) and may only proceed with this action if he pays the filing fee.

**IV. Conclusion**

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) be denied;
2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and
3. The court order plaintiff to pay the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12

5

DB:1/Orders/Prisoner/Civil.Rights/bont1537.3strikes